**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LORENA BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.: 3:25-cv-01956-DWD |
| QUIKTRIP CORPORATION,<br>QUIKTRIP STORE #698,<br>QUIKTRIP,<br>QUIKTRIP 1818, LLC,<br>REALTY INCOME ILLINOIS<br>PROPERTIES 2, LLC, and TAMMY RUZZO | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STIPULATED PROTECTIVE ORDER**

This Protective Order, entered into by and between the undersigned counsel, on behalf of their respective clients, and ordered by this Court, shall govern certain documents that have been or will be produced in the above-captioned litigation ("Lawsuit"). The parties to this Protective Order recognize that certain documents produced by Plaintiff LORENA BURNETT, Defendant QUIKTRIP CORPORATION, Defendant QUIKTRIP STORE #698, Defendant QUIKTRIP, Defendant QUIKTRIP 1818, LLC, Defendant REALTY INCOME ILLINOIS PROPERTIES 2, LLC or Defendant TAMMY RUZZO (hereinafter "PARTY" and/or "the PARTIES") may contain confidential, proprietary or private information, and they have agreed to protect against the dissemination of such information by means of this Protective Order.

WHEREAS, the PARTIES have requested or will request discovery of certain materials, including but not limited to surveillance videos depicting images of persons who are not a party to this lawsuit, in the above-captioned matter and which are or may be claimed by the designating PARTY to the Lawsuit, as protected, secret and confidential, and proprietary, and

WHEREAS, the designating PARTY has materials to produce that are responsive to the requests but deems them as Confidential and Proprietary and believes general disclosure of which would be a disclosure of its trade secrets and affect its business,

IT IS HEREBY AGREED that the designating PARTY shall produce said responsive documents marked as "CONFIDENTIAL." Any PARTY may challenge the designation of documents or testimony as Confidential Information by filing an appropriate motion with the Court. A document produced that is marked "CONFIDENTIAL" shall be handled by other PARTIES in accordance with this Protective Order, and the PARTIES are responsible for ensuring the proper handling of such documents as are placed in his possession. Unless the Court, for good cause shown, orders otherwise, confidential documents and the information contained in said documents shall not be disclosed to any individual other than the following:

a. Plaintiff s counsel and necessary office personnel;

b. Plaintiff's expert and consulting expert witnesses, along their clerical and support staff employees;

c. Defendants' counsel and necessary office personnel;

d. Defendants' expert and consulting expert witnesses, along their clerical and support staff employees;

e. Court personnel, under seal or for in camera inspection;

f. Court reporters at the depositions of parties or their experts;

g. Members of the jury empaneled at trial;

h. Any consultant retained by a party or party's attorney to assist with case preparation including any stenographic, clerical and support staff employees of the consultant who are directly involved in this matter and whose functions

require them to have access to the Confidential Information provided that each such consultant has agreed in writing to be bound by the terms of this Order before such access is given; and

i. Any other person or entity to whom the designating PARTY consents in writing.

IT IS FURTHER AGREED that all of the foregoing persons shall be advised of, and agree to be bound by, this agreement before disclosure of confidential materials and agree that all copies are to be returned to Defendants' counsel upon completion of this case.

IT IS FURTHER AGREED THAT any information disclosed as confidential shall not be used for any purpose other than the prosecution, defense, or settlement of claims asserted in this action and shall not be used for any commercial or competitive purposes or for any public or private disclosure outside of this litigation.

IT IS FURTHER AGREED THAT nothing in this Confidentiality Joint Stipulated Protective Order nor the designation of any item shall be construed as an admission regarding any issue of fact, law, or admissibility. Neither this Protective Order nor any designation pursuant to it shall be admissible in any proceeding except to enforce the terms of this Protective Order.

IT IS FURTHER AGREED THAT after 30 days of the conclusion of this case, unless the Court orders otherwise pursuant to the filing of an appropriate motion, all Confidential Information and Documents produced by any party and designated as subject to this order, and whether or not filed or identified as an exhibit in this proceeding, including all copies, extracts, and summaries identifying, with specificity, the confidential names or information, shall be returned to the producing party only upon the producing party's request and at the producing party's expense. If

no such request is made by the producing party within 30 days after final adjudication or settlement of this case, then such items can be destroyed.

/s/_*Michael P. Glisson*
Michael P. Glisson
Counsel for Plaintiff

/s/ *Jackie M. Kinder*
Jackie M. Kinder
Counsel for Defendants

**SO ORDERED:**

Dated: September 23, 2026

Judge Dugan
Digitally signed by Judge Dugan
Date: 2026.09.23 12:00:12 -05'00'